IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CMH HOMES, INC. and SOUTHERN                                    PLAINTIFFS
ENERGY HOMES, INC.

v.                                       CIVIL ACTION NO. 2:17-CV-77-KS-MTP

RICHARD DOUGLAS PYKE and
CHRISTINE ROMANO PYKE                                           DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue ("Motion to Dismiss") [7] filed by Defendants Richard Douglas Pyke and Christine Romano Pyke. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I. BACKGROUND

This action is centered around the purchase of a manufactured home by Defendants Richard Douglas Pyke and Christine Romano Pyke (collectively "Defendants") from Plaintiffs CMH Homes, Inc., and Southern Energy Homes, Inc. (collectively "Plaintiffs"). The home was purchased by Plaintiffs in April 2016. One of the agreements signed by parties at the time of purchase was a Binding Dispute Resolution Agreement. Shortly after purchase, Defendants contacted Plaintiffs concerning the condition of the home after delivery. Subsequently, on May 19, 2017, Plaintiffs filed their Petition [1] seeking for an order compelling arbitration, pursuant to § 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. Defendants now bring challenges to the ripeness of this suit and to venue.

## II. DISCUSSION

### A. Ripeness

Defendants argue that the Petition [1] is due to be dismissed under Federal Rule of Civil Procedure 12(b)(1) because it is not yet ripe. As ripeness is a jurisdictional issue, the Court must address this argument first. *See Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).

Defendants contend that the issue of arbitration is not ripe for judicial adjudication because no other proceeding is pending against Plaintiffs. In response, Plaintiffs argue that ripeness is decided by the issues in the underlying dispute that they seek to have arbitrated. Both sides cite multiple out-of-circuit authorities in support of their arguments; however, the Court need not consider any of them as the Supreme Court and the Fifth Circuit have already definitively answered this question.

> Under the Supreme Court's decision in *Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262, 173 L.Ed.2d 206 (2009), we must . . . "look through" the petition to compel arbitration in order to determine whether the underlying dispute presents a sufficiently ripe controversy to establish federal jurisdiction. At issue in *Vaden*, as in this case, was § 4 of the FAA, which "provides for United States district court enforcement of arbitration agreements."

*Lower Colorado River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017) (quoting *Vaden*, 556 U.S. at 58, 129 S. Ct. 1262). Because this case is brought under § 4 of the FAA, just like *Vaden* and *Lower Colorado*, to decide if the case is ripe for adjudication, the Court looks at the underlying dispute, not the issue of arbitration.

Defendants make no argument that the underlying dispute is not ripe for adjudication. Nor does the Court believe a genuine dispute exists as the ripeness of the underlying dispute. "The key considerations [for ripeness] are the fitness of the issues for judicial review and the hardship to the parties of withholding court consideration. A case is generally ripe if any remaining questions are

purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586-87 (5th Cir. 1987) (internal citations and quotations omitted). The dispute Plaintiffs seek to have arbitrated is centered around the purchase of a manufactured home and the accompanying warranties and agreements. That transaction has been completed, and the home was subsequently delivered to Defendants. The dispute concerns the condition of the home and Plaintiffs' obligations to Defendants stemming from the agreements made at the time of purchase. No further factual development is needed, and the issues of whether Plaintiffs breached the agreements and warranties are fit for judicial review. Nothing about the underlying dispute leads the Court to believe that there is no actual controversy so as to make it not ripe for adjudication.

The Motion to Dismiss [7] will therefore be **denied** as to the issue of ripeness.

**B.     Venue**

Defendants argue that venue in the Eastern Division of the Southern District of Mississippi is improper and that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) or transferred pursuant to 28 U.S.C. § 1406.

Defendants' main argument that venue is improper in the Eastern Division is that venue is proper in the Southern Division. This argument ignores generally accepted venue jurisprudence that holds that venue in one district may be proper even when venue in a different district would have been "equally correct." *See Checki v. Webb*, 785 F.2d 534, 537-38 (5th Cir. 1986). It does not matter for the Court's analysis whether venue in the Southern Division is proper. Rather, the Court's analysis must center on what makes venue in the Eastern Division proper.

In relevant part, 28 U.S.C. § 1391(b)(2) states that a civil action may be brought where "a substantial part of the events or omissions giving rise to the claim occurred." Defendants do not

3

dispute that the manufactured home was purchased in the Eastern Division. As the underlying dispute centers on the purchase of this home and the obligations stemming from the agreements made during that purchase, "a substantial part" of the events on which the claims are based must have occurred in the Eastern Division. Therefore, venue is proper in the Eastern Division, and the Motion to Dismiss [7] will also be **denied** as to Defendants' venue arguments.[1]

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [7] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 28th day of September, 2017.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] Defendants make an additional argument of forum *non conveniens* in their Reply. This argument was not presented in their original motion and will not be considered now. *See Vais Arms, Inc. v. Vai*, 383 F.3d 287, 292 (5th Cir. 2004) (quoting *S.W. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 545 (5th Cir. 2003)) (holding that new evidence and arguments presented for the first time in a reply brief should not be considered unless the Court "give[s] the non-movant an adequate opportunity to respond prior to ruling").